UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                      FOR ONLINE PUBLICATION

STEVEN D. MOORE,

                                    Plaintiff,
                                                           MEMORANDUM
                 - versus -                            AND ORDER
                                                           15-CV-5512 (JG)

GREYHOUND BUS LINES,

                                  Defendant.

JOHN GLEESON, United States District Judge:

        On September 21, 2015, plaintiff Steven D. Moore submitted a *pro se* employment discrimination complaint against Greyhound Bus Lines. He attaches the June 22, 2015 letter from the Equal Employment Opportunity Commission ("EEOC") notifying him of his right to sue in federal court. I grant Moore's request to proceed *in forma pauperis* for the purpose of this Order. However, I dismiss the complaint for failure to state a claim on which relief may be granted, with leave to replead within 30 days of the date of entry of this Order.

BACKGROUND

        Moore alleges that this Court has jurisdiction on the basis of Title VII of the Civil Rights Act of 1964, by checking that line on the form complaint for employment discrimination actions. Compl. at 1. He has checked the lines on the form indicating that he was terminated from his employment and was subjected to retaliation. *Id.* at 3. He states that the alleged discriminatory acts occurred on "02/013, 07/13, 8/9/2013, 03/14, 8/14 9/14 and October 8, 2014," and that the defendant is no longer committing these acts against Moore. *Id.* He has checked the lines on the form indicating that he was discriminated against on the basis of

gender/sex and religion. *Id.* He identifies his sex as male, and his religion as Baptist. *Id.* In the space to provide the facts of his case, Moore states: "Slander/Defamation of character (Falsely accused of being a Thief)"; "Discrimination of sexual preference and discrimination of religion"; and "Retaliation of union activity." *Id.* at 4. Moore provides no other details and attaches no other documents.

## DISCUSSION

A court may dismiss a complaint filed *in forma pauperis* "at any time" upon determining that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In evaluating whether a pleading states a claim for relief, "a court must accept as true all factual allegations contained in a complaint but need not accept legal conclusions." *Halebian v. Berv*, 590 F.3d 195, 203 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and to nudge a plaintiff's claims "across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

*Pro se* complaints, like other pleadings, must contain sufficient factual allegations to meet the plausibility standard. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, a *pro se* complaint must be liberally construed, and no matter how "'inartfully pleaded, [it] must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, a court must accord a *pro se* complaint "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir.

1994), and must interpret it to raise the strongest claims it suggests. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006). Where a liberal reading of the pleading "gives any indication that a valid claim might be stated[,]" a court must grant leave to amend it at least once. *See Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) (quotation marks and citation omitted).

Title VII provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). To state a claim under Title VII, Moore must establish (1) that he is a member of the protected class, (2) that he was qualified for the position, (3) that he was subject to an adverse employment decision, and (4) that the adverse employment decision was made under circumstances giving rise to an inference of unlawful discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 101 (2d Cir. 2001). The allegations need only give the defendant "fair notice of what petitioner's claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002). Thus, a plaintiff has a "*minimal* burden of showing facts suggesting an inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015).

Even under this liberal pleading standard, Moore's complaint fails to state a claim under Title VII for discrimination on the basis of sex or religion. Although he alleges that he is a member of a protected class, and that he was terminated from his position, Moore has not claimed that he was terminated because of his sex or his religion, nor has he presented any facts that would suggest an inference of discriminatory motivation.

3

Title VII also provides protection from retaliation: "It shall be an unlawful employment practice for an employer to discriminate against any . . . employee[ ] . . . because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e–3(a). "To establish a presumption of retaliation at the initial stage of a Title VII litigation, a plaintiff must present evidence that shows '(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action.'" *Littlejohn*, 795 F.3d at 315-16, quoting *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010). The law protects employees both for filing formal charges of discrimination and in making informal protests of discrimination, including complaints to management. *See Sumner v. U.S. Postal Serv.*, 899 F.2d 203, 209 (2d Cir. 1990).

In this case, Moore claims "retaliation of union activity," but he does not describe any protected activity that led to an adverse employment action.

As filed, the complaint fails to state a claim for relief, and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, in light of Moore's *pro se* status, the Court grants leave to file an amended complaint to allege facts that would support Title VII claims for discrimination on the basis of sex and religion and for retaliation.

## CONCLUSION

For the foregoing reasons, the complaint filed *in forma pauperis* is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). In light of Moore's *pro se* status, he is granted 30 days' leave to amend the complaint and replead his discrimination and retaliation claims. In order to state a claim for sex and religious discrimination pursuant to Title VII, he

4

must allege that he is a member of these protected classes; that he was qualified for the position; that he was subject to an adverse employment decision, *e.g.*, being fired; and that the adverse employment decision was made under circumstances giving rise to an inference of unlawful discrimination. To state a claim for retaliation pursuant to Title VII, he must allege that he was engaged in a protected activity of which his employer was aware; that he was thereafter subjected to an adverse employment action; and that there was a causal connection between his protected activity and the adverse action. Moore should include the dates and details of all relevant events, including complaints he made and subsequent actions by his supervisors, as well as any changes in the condition or status of his employment.[1] The amended complaint must be submitted to the Court within 30 days from the date of this Order, be captioned as an "Amended Complaint," and bear the same docket number as this Order. The amended complaint shall completely replace the original complaint. All further proceedings shall be stayed for 30 days. If Moore fails to file an amended complaint within 30 days, the Clerk shall enter judgment dismissing this action. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: October 16, 2015
      Brooklyn, New York

---

[1] Moore is reminded that Title VII does not apply to allegations of discrimination on the basis of sexual orientation, *see Simonton v. Runyon*, 232 F.3d 33, 35 (2d Cir. 2000), or to claims of retaliation based solely on union activity, *Levitant v. City of New York Human Res. Admin.*, 625 F. Supp. 2d 85, 106 (E.D.N.Y. 2008) (collecting cases).